UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
Ora Heathington,                                    MEMORANDUM
      Plaintiff,      & OPINION

              04CV4501(SLT)(LB)
   -against-

Francis J. Harvey,
Secretary of the Army

      Defendant.
----------------------------------------------------X
TOWNES, U.S.D.J.

   *Pro se* Plaintiff Ora Heathington ("Plaintiff" or "Heathington"), a former federal employee, brings this action alleging that her position was terminated, consolidated with another position and ultimately offered to a less experienced, younger white male, in violation of Title VII of the Civil Rights Act ("Title VII") as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, et seq. (Complaint ¶ 4; Ex. 8 at B3.) Defendant moves to dismiss Plaintiff's Complaint, or, in the alternative, for summary judgment. Because Plaintiff's claims are unexhausted, Defendant's motion is granted.

I.  *Facts and Procedural History*

   The relevant facts are undisputed. Plaintiff was informed on July 30, 1999 that her position as Billeting Manager with the United States Army was being eliminated. (Complaint ¶ 4.) On August 31, 1999, Plaintiff's last day at work for Defendant, she met with Rosalind Alverest, an Equal Employment Opportunity ("EEO") Counselor. (Complaint Ex. 8.) Ms. Alverest's report indicates that during that meeting, Plaintiff was informed of her right to file a formal administrative complaint (the "Administrative Complaint") alleging discrimination.

(Complaint Ex. 8 at B4.) Though there is a dispute between the parties as to when Plaintiff first received written notice of her right to file the Administrative Complaint, it is apparent that, at the absolute latest, Plaintiff received this information on April 1, 2002. (Complaint ¶ 4 ("Mr. Capowski sent me a second letter....on March 26, 2002."); see also McGinn Decl. Ex. C). The March 26 letter informed Plaintiff of the 15-day filing period for the Administrative Complaint. (McGinn Decl. Ex. B.) Nevertheless, Plaintiff did not file that complaint until December 5, 2003. (Complaint ¶ 4.) On January 8, 2004, the EEO dismissed the Administrative Complaint as untimely pursuant to 29 C.F.R. § 1614.105(a). (Complaint Ex. 6.) Plaintiff appealed and the EEO's decision was affirmed on June 20, 2004. (Complaint Ex. 1.) Plaintiff then filed the instant Complaint on October 20, 2004.

II.     *Discussion*

"When considering matters outside the pleadings under...12(b)(6), all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Bordeaux v. Lynch*, 958 F. Supp. 77, 82 (N.D.N.Y. 1997) (converting motion to dismiss to summary judgment when Plaintiff given ample notice and both parties submitted additional information for consideration). When the plaintiff appears *pro se*, adequate notice and opportunity to supplement the record is imperative. *Beacon Enter, Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir 1983) ("Notice is particularly important when a party is proceeding *pro se* and may be unaware of the consequences of his failure to offer evidence bearing on triable issues."). To that end, on December 22, 2004, Defendant served Plaintiff with the notice due *pro se* litigants under Local Rule 56.2, informing Plaintiff, *inter alia*, that the motion could be converted to summary judgment and that, to defeat the motion, she ought to "submit

evidence...countering the facts asserted by the defendant and raising issues of fact for trial." (*See* Def.'s Notice of Mot.) Additionally, on August 2, 2005, this Court sent a second notice to Plaintiff alerting her of her right to supplement the pleadings.[1] As such, this Court will treat Defendant's motion as one for summary judgment.

Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "A fact is 'material' for these purposes if it might affect the outcome of the suit under the governing law." Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001) (*quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)). To be "genuine," an issue of fact must be supported by evidence "such that a reasonable jury could return a verdict for the nonmoving party." Holtz, 258 F.3d at 62. Because the moving party bears the burden of showing that there are no genuine issues of material fact, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), "a court must resolve all ambiguities and draw all reasonable inferences against [it]." Alston v. New York City Transit Auth., 2003 U.S. Dist. LEXIS 21741, *4 (S.D.N.Y. 2003) (*quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).

*Exhaustion*

"Prior to bringing suit under either Title VII or the ADEA, a federal government employee must timely exhaust the administrative remedies at [her] disposal...Failure to do so can

---

[1] Plaintiff responded to the Court's August 2 Order with an additional affirmation, dated August 15, 2005, in which she reiterates that she did not receive notice of her rights on August 31, 1999, and that she was entitled to such notification during her final interview. (Pla. Supplemental. Aff.) However, she does not offer evidence to dispute that she did receive notice no later than April 1, 2002.

3

be asserted by the government as an affirmative defense."[2] *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001). The Code of Federal Regulations ("CFR") requires the aggrieved employee to, *inter alia*:

> (1) consult with a counselor at the relevant agency's Equal Opportunity Office within 45 days of the alleged discriminatory act...and, if the matter is not resolved after a mandatory counseling period, [and] (2) file a formal written administrative complaint...within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint.

*Id.* (affirming summary judgment where plaintiff filed complaint 22 days after receiving his EEO notice); 29 C.F.R. § 1614.106. It is undisputed that Plaintiff failed to file her complaint within 15 days of receipt.

---

[2] Though Plaintiff could have opted to bypass the EEOC administrative process and go directly to federal court with her ADEA claim, once she began the administrative process she became bound to follow that process to completion before coming to federal court. *See Avillian v. Potter*, 2002 WL 252479, at *2 (S.D.N.Y. Feb. 21, 2002); 29 C.F.R. § 1614.201(a). Therefore, the exhaustion requirement is identical for both her Title VII and ADEA claim.

be asserted by the government as an affirmative defense."[2] *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001). The Code of Federal Regulations ("CFR") requires the aggrieved employee to, *inter alia*:

> (1) consult with a counselor at the relevant agency's Equal Opportunity Office within 45 days of the alleged discriminatory act...and, if the matter is not resolved after a mandatory counseling period, [and] (2) file a formal written administrative complaint...within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint.

*Id.* (affirming summary judgment where plaintiff filed complaint 22 days after receiving his EEO notice); 29 C.F.R. § 1614.106. It is undisputed that Plaintiff failed to file her complaint within 15 days of receipt.

---

[2] Though Plaintiff could have opted to bypass the EEOC administrative process and go directly to federal court with her ADEA claim, once she began the administrative process she became bound to follow that process to completion before coming to federal court. *See Avillian v. Potter*, 2002 WL 252479, at *2 (S.D.N.Y. Feb. 21, 2002); 29 C.F.R. § 1614.201(a). Therefore, the exhaustion requirement is identical for both her Title VII and ADEA claim.

*Tolling*

However, given the "liberal pleading standards permitted in *pro se* complaints," Moorish Sci. Temple of Amer., Inc. v. Smith, 693 F.2d 987, 989 (2d Cir. 1982), the Court also considered application of equitable tolling and equitable estoppel, both of which apply to the exhaustion requirements of Title VII and the ADA. Avillan, 2002 WL 252479, at *3. If Plaintiff remained unaware of a cause of action due to Defendant's conduct, equitable tolling would apply. If, on the other hand, Plaintiff is aware of the cause of action but fails to file on time because of Defendant's conduct, equitable estoppel would apply. See Dillman v. Combustion Engineering, 784 F.2d 57, 60-61 (2d Cir. 1986). The Court assumes *arguendo* that Plaintiff did not receive the first notice. However, 19 months elapsed between her receipt of the second notice and her filing of the Administrative Complaint and there is no support in the record for application of either equitable tolling or equitable estoppel to that time period. Plaintiff's Complaint is therefore dismissed.

**SO ORDERED.**

_____S/_____
SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2005
Brooklyn, NY